IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JAMES ELWOOD SMITH**  **PLAINTIFF**
ADC #121300

v.  Case No. 4:22-cv-00116-LPR

**PAULA SETTLES, et al.**  **DEFENDANTS**

## ORDER

  Plaintiff James Elwood Smith is an inmate in the Arkansas Division of Correction (ADC). In November of 2021, he filed the instant lawsuit concerning the ADC's confiscation of his federal COVID-19 relief stimulus funds.[1] In February of 2022, Mr. Smith's case was consolidated with several other similar cases and stayed pending resolution of three representative test cases.[2] In March of 2022, the Court resolved the three test cases, entering a permanent, statewide injunction that "likely address[ed] or moot[ed]" the similar claims of other prisoners, such as Mr. Smith.[3] Accordingly, the Court administratively terminated each of the member cases, including this one.[4] Mr. Smith was advised, however, that he could move to reopen his case to adjudicate any claims he believed were still live before the Court.[5]

  Mr. Smith's case was reopened in July of 2022.[6] The only live issue remaining in the case is Mr. Smith's claim against Defendant Jeffrey Jerry that the confiscation of money from Mr. Smith's inmate account violated his right to procedural due process under the Fourteenth

---

[1] Compl. (Doc. 1).

[2] Order (Doc. 10); *see Hayes v. Graves*, Case No. 4:21-cv-00347 (Doc. 254) [*hereinafter Hayes Master Docket*].

[3] Order (Doc. 11) at 11.

[4] *Id.*

[5] *Id.*

[6] Order (Doc. 16).

Amendment.[7] Mr. Smith's operative Complaint alleges that this confiscation was done pursuant to ADC Administrative Directive ("AD") 16-44, which authorizes ADC officials to confiscate funds directly from an inmate's account in order to satisfy certain debts of an inmate.[8] Mr. Jerry has moved for Judgment on the Pleadings.[9] Mr. Smith has not responded, despite receiving an extension of time to do so.[10]

Mr. Smith's claim fails because the confiscation of his funds was accompanied by constitutionally sufficient process. The ADC employs a grievance policy that allows an inmate to challenge ADC policies "that personally affect[]" that inmate.[11] And the ADC interprets that grievance policy as allowing for an inmate to challenge and, if successful, reverse the AD 16-44 confiscation of funds at issue here.[12] Indeed, Mr. Smith's pleadings show that he underwent this very process, albeit without a happy ending.[13] An unsatisfactory outcome (from Mr. Smith's perspective) does not make the process itself constitutionally deficient. Under Eighth Circuit precedent, Mr. Smith received due process because the ADC provided him with an efficient, meaningful post-deprivation opportunity to be heard.[14] Mr. Jerry's Motion is GRANTED. Judgment will be entered accordingly.

---

[7] *Id.* at 3–4, 8.

[8] *See* Am. Compl. (Doc. 7) at 5; Compl. (Doc. 1) at 46–47 (providing a copy of AD 16-44).

[9] Def.'s Mot. for J. on the Pleadings (Doc. 22); Def.'s Am. Mot. for J. on the Pleadings (Doc. 24). It appears that the Amended Motion for Judgment on the Pleadings was not substantive but was instead filed to correct a typo. *Compare* Def.'s Mot. for J. on the Pleadings (Doc. 22) ¶ 3, *with* Def.'s Am. Mot. for J. on the Pleadings (Doc. 24) ¶ 3.

[10] *See* Order (Doc. 29).

[11] Compl. (Doc. 1) at 49.

[12] *See Hayes Master Docket* (Doc. 79) at 18–19; *see also Hayes Master Docket* (Doc. 74-1) ¶¶ 6–9.

[13] *See* Am. Compl. (Doc. 7) at 6–7; *see also* Compl. (Doc. 1) at 32–36.

[14] *See Mickelson v. Cnty. of Ramsey*, 823 F.3d 918 (8th Cir. 2016).

IT IS SO ORDERED this 12th day of May 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE